IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Anthony Odom, ) | |
| ) | C.A. No. 2:10-cv-00873-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Henry D. McMaster, in his official ) | |
| capacity as the Attorney General of the ) | |
| State of South Carolina; David Pascoe; ) | |
| J. Strom Thurmond, Jr.; C. Kelly ) | |
| Jackson; William B. Rogers, Jr.; ) | |
| W. Barney Giese; Douglas A. Barfield, ) | |
| Jr.; Trey Gowdy, III; Jerry W. Peace; ) | |
| Scarlett Wilson; Christina T. Adams; ) | |
| Donald V. Myers; Edgar L. Clements, III; ) | |
| Robert M. Ariail; I. McDuffie Stone, III; ) | |
| Gregory Hembree; and Kevin S. ) | |
| Brackett, in their official capacities as ) | |
| South Carolina Circuit Solicitors, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## BACKGROUND

This is an action for declaratory and injunctive relief. Plaintiff filed the within action on April 7, 2010, against Defendants Henry D. McMaster ("McMaster"), in his capacity as Attorney General of the State of South Carolina; and David Pascoe; J. Strom Thurmond, Jr.; C. Kelly Jackson; William B. Rogers, Jr.; W. Barney Giese; Douglas A. Barfield, Jr.; Trey Gowdy, III; Jerry W. Peace; Scarlett Wilson; Christina T. Adams; Donald V. Myers; Edgar L. Clements, III; Robert M. Ariail; I. McDuffie Stone, III; Gregory Hembree; and Kevin S. Brackett; in their official capacities as South Carolina Circuit Solicitors. Plaintiff alleges a claim for vindictive prosecution in violation of his due process rights under the Fifth and Fourteenth Amendments of the United States Constitution and 42

U.S.C. § 1983. Plaintiff seeks declaratory and injunctive relief to prevent or discontinue state criminal proceedings against him for criminal solicitation of a minor in violation of S.C. Code § 16-15-342. Plaintiff filed a motion for a Temporary Restraining Order (TRO) on April 7, 2010. An emergency TRO hearing was held on April 9, 2010. The court denied Plaintiff a TRO because he failed to make the necessary showing on all four prongs of the test set out by the Supreme Court in *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374-76 (2008). The Summons and Complaint were served on McMaster on April 15, 2010.

The case is before the court on McMaster's Motion To Dismiss, which was filed April 30, 2010. Plaintiff filed its response on May 12, 2009. McMaster filed a reply memorandum on May 28, 2010.

## FACTS

The facts in the light most favorable to Plaintiff are as follow. Plaintiff was arrested in May 2006, and charged in Spartanburg County, South Carolina, with one count of criminal solicitation of a minor (hereinafter "Spartanburg Indictment"). This count is based on internet communications from March 2006 to May 4, 2006, between Plaintiff and a Spartanburg County law enforcement officer who was acting in an undercover capacity (hereinafter "Spartanburg Communications"). Plaintiff's license to practice law in South Carolina was suspended on May 17, 2006 as a result of these charges.

The trial on the Spartanburg Communications (hereinafter "Spartanburg Trial") was originally set for May 2007 but was continued until July 2007 to allow Plaintiff's counsel an opportunity to review evidence of additional internet communications dated May 4, 5, and 6, 2006 between Plaintiff and a Westminster (Oconee County, South Carolina) law enforcement officer, who

2

was also acting in an undercover capacity (hereinafter "Oconee County Communications"). The Oconee County Communications were not part of the Spartanburg Indictment. In July 2007, before the swearing of the selected jury in the Spartanburg Trial, the trial court granted Plaintiff's motion to suppress evidence the state deemed crcual to its case. The State appealed. On March 30, 2009 the South Carolina Supreme Court reversed the suppression order, and the case proceeded to trial.

The Spartanburg trial began on February 22, 2010 and ended on March 2, 2010. The Oconee County Communications were not introduced at the Spartanburg Trial. At the end of the Spartanburg Trial, the court declared a mistrial due to a deadlocked jury. Shortly after the mistrial, the State submitted the Oconee County Communications charges to a grand jury. On April 12, 2010, the grand jury returned two indictments for criminal solicitation of a minor: one for internet communications dated May 4 and 5, 2006, and a second for communications on May 6, 2006.

Plaintiff alleges that he was told that the Oconee County Communications would not be prosecuted. Plaintiff contends that the State's decision to submit the Oconee County Communications to the grand jury was a reaction to Plaintiff's attempt to gain information in support of his defense in the Spartanburg Trial. Specifically, Plaintiff sought to discover the details surrounding the Oconee County undercover officer's arrest and subsequent termination from the force. Plaintiff also contends that two separate indictments for three communications in Oconee County over only three days, when compared with the single indictment in the Spartanburg Trial which covered seventeen separate communications over a two-month time period, is evidence of vindictive prosecution. Plaintiff argues that the nearly four years between the charged conduct and the actual charges for the Oconee County Communications is unusually long for this type of crime, also evidencing vindictive prosecution.

Plaintiff seeks: (1) a declaration that the prosecution for the Oconee County Communications is impermissible as a violation of due process; (2) to permanently enjoin Defendants from prosecuting Plaintiff for the Oconee County Communications; and, (3) full discovery on his vindictive prosecution claim.

## DISCUSSION

### Younger Abstention

Defendant argues that the court should dismiss this case based on the *Younger* abstention doctrine. It is well established that, except under certain narrow circumstances, a federal district court should abstain from hearing a case to enjoin or stay an ongoing state court proceeding. The United States Supreme Court, in *Younger v. Harris*, recognized a "national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances." 401 U.S. 37, 41 (1971). The recognized three-prong test for *Younger* abstention is: "(1) an ongoing state judicial proceeding, instituted prior to any substantial progress [on the merits] in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and, (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit." *Nivens v. Gilchrist*, 319 F.3d 151 (4th Cir. 2003) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n.*, 457 U.S. 423, 432 (1982)).

The first prong of the *Younger* abstention doctrine requires that there be an ongoing state judicial proceeding. In *Hicks v. Miranda*, 422 U.S. 332 (1975), the Supreme Court found that the ongoing state judicial proceeding prong was met in a case where the federal suit was filed before the state criminal proceedings began. In *Hicks*, Miranda filed suit in federal court seeking to prevent the enforcement of an obscenity statute. 422 U.S. at 337. The district court denied Miranda's request

4

for a TRO, but ordered a three-judge panel to review the constitutionality of the statute. *Id.* at 338. Before the panel considered the constitutionality question, Miranda was added to a state criminal proceeding for violation of the obscenity statute. *Id.* at 339. The federal panel subsequently declared the California statute unconstitutional. *Id.* at 341. On certiorari, the United States Supreme Court held that the district court should have abstained "where state criminal proceedings are begun against the federal plaintiff[] [Miranda] after the federal complaint is filed[,] but before any proceedings of substance on the merits have taken place in the federal court, the principles of *Younger v. Harris* should apply in full force." *Id.* at 349.

*Hicks* indicates that in cases where state criminal proceedings are instituted after a plaintiff's federal complaint was filed and TRO hearing held, there is an ongoing state proceeding for the purposes of the first prong of the *Younger* abstention doctrine. 422 U.S. at 349. Because a TRO hearing is not a proceeding of substance on the merits and no other proceedings have taken place in this case, the first prong of the *Younger* abstention doctrine has been met.

The second prong of the *Younger* abstention doctrine requires that the state proceeding implicate important, substantial, or vital state interests. The Fourth Circuit has recognized the efficient operations of a state's criminal justice system as an important, substantial, or vital state interest. *Nivens*, 319 F.3d at 154 (citing *Cooper v. Oklahoma*, 517 U.S. 348 (1996)). Moreover, protecting minors from sexual predators is an important state interest. *See State v. Reid*, 679 S.E.2d 194, 201 n.6 (S.C. Ct. App. 2009) (discussing South Carolina's important public policy of protecting minors from harm in the context of an internet solicitation of a minor case). Thus, the second prong of the *Younger* abstention doctrine has been met.

5

The third prong of the *Younger* abstention doctrine requires that the state proceeding provide an adequate opportunity for the plaintiff to advance his federal constitutional claim. With regard to this prong, the Supreme Court has placed the burden on the federal plaintiff to show that state procedural law bars the presentation of his claim. *Pennzoil Co. v. Texaco*, 481 U.S. 1, 14 (1987). The Supreme Court stated: "when a litigant has not attempted to present his federal claim in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Id.* at 15. The Fourth Circuit, in applying *Younger*, explained that: "a federal court *must* abstain from interfering with an ongoing state proceeding where a litigant has an 'opportunity to raise and have timely decided by a competent state tribunal the federal issues involved' and . . . no bad faith, harassment, or other exceptional circumstances dictate to the contrary." *Nivens*, 319 F.3d at 154 (citing *Middlesex*, 457 U.S. at 437) (emphasis added).

Plaintiff argues that his claim of vindictive prosecution cannot be adequately raised in state court because in a South Carolina criminal proceeding there is no right to discovery. The court disagrees. Both of the cases Plaintiff cites in support of his argument were decided prior to the creation of Rule 5 of the South Carolina Rules of Criminal Procedure, governing disclosure in criminal cases. S.C.R. Crim. P. 5. Rule 5 permits discovery in criminal cases:

> [u]pon request of the defendant the prosecution shall permit the defendant to inspect and copy books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the prosecution, and which are material to the preparation of his defense or are intended for use by the prosecution as evidence in chief at the trial, or were obtained from or belong to the defendant.

S.C.R. Crim. P. 5(a)(1)(C). Rule 5 also gives courts discretion to permit discovery if a party has refused to comply with a discovery request. S.C.R. Crim. P. 5(a)(2). The South Carolina Supreme Court has recognized the right to discovery for state criminal defendants. *State v. Northcutt*, 641 S.E.2d 873, 878 (S.C. 2007) (recognizing that Rule 5 creates a right to reciprocal discovery but does not compel defense experts to create written reports for the opposing side). Plaintiff cites no authority, nor provides examples, to support the proposition that his right of discovery under Rule 5 will be insufficient to adequately develop his vindictive prosecution claim. Plaintiff has failed to meet his burden of proving that state procedural law bars his federal constitutional claim.

In addition, in *State v. Fletcher*, 471 S.E.2d 702 (S.C. Ct. App. 1996) a criminal defendant was permitted to present a vindictive prosecution claim in that proceeding. *Id.* at 703. This case demonstrates that South Carolina courts are capable of hearing allegations of vindictive prosecution in criminal cases and indicates that state procedures are adequate to address Plaintiff's claim. Thus, the third prong of the *Younger* abstention doctrine has been met. Based on the foregoing, the court finds that *Younger* abstention is appropriate in this case unless one of the exceptions applies.

Exceptions to Younger Abstention

Courts have recognized exceptions to the *Younger* abstention doctrine where a state prosecution is: "(1) commenced in bad faith or to harass, (2) based on a flagrantly and patently unconstitutional statute, or (3) related to any other such extraordinary circumstances creating a threat of 'irreparable injury' both great and immediate." *Phelps v. Hamilton*, 59 F.3d 1058, 1063-64 (10th Cir. 1995) (citing *Younger*, 401 U.S. at 53-54). Plaintiff advances the bad faith exception to argue against the application of *Younger*.

The three factors courts use to evaluate the bad faith exception are:

> (1) [W]hether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and, (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.

*Phelps*, 59 F.3d at 1064-65 (citing *Kugler v. Helfant*, 421 U.S. 117, 126 n.6; *Younger*, 401 U.S. at 48). Mere allegations of bad faith do not suffice; a plaintiff "must *prove* bad faith or harassment before intervention is warranted." *Id.* at 1066 (citing *Perez v. Ledesma*, 401 U.S. 82, 85 (1971); *Juidice v. Vail*, 430 U.S. 327, 338 (1977)).

Plaintiff submits that his prosecution for the Oconee County Communications constitutes retaliation for the exercise of his constitutional rights in defending himself at the Spartanburg Trial. Plaintiff contends that his prosecution for the Oconee County Communications constitutes abuse of prosecutorial discretion due to the oppressive use of multiple prosecutions. Additionally, Plaintiff argues that this case should be allowed to move forward simply because bad faith is an inherent element of his vindictive prosecution claim. McMaster disputes Plaintiff's allegations of prosecutorial misconduct and motivation for bringing charges on the Oconee County Communications, contending that this was a strategic decision. During the pendency of the Spartanburg trial, the position of Chief Prosecutor for the South Carolina Internet Crimes Against Children Task Force changed from David Stumbo to Megan Wines. Because prosecutors have discretion to decide which crimes to prosecute, this personnel change lends support to McMaster's strategy explanation. The court finds that Plaintiff has failed to prove bad faith. Therefore, abstention under the *Younger* abstention doctrine is appropriate.

Rule 12(b)(6) Motion

Plaintiff argues that if this court looks outside the pleadings to decide the motion to dismiss, the Rule 12(b)(6) motion is converted into a motion for summary judgment, entitling Plaintiff to discovery. The Fourth Circuit has recognized that courts can take judicial notice of public information without converting a 12(b)(6) motion into a motion for summary judgment stating: "[i]n reviewing the dismissal of a complaint under Rule 12(b)(6), we may properly take judicial notice of matters of public record." *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (citing *Hall v. Virginia*, 385 F.3d 421, 424 (4th Cir. 2004)). This court has routinely allowed reference to public records in 12(b)(6) motions to dismiss. *See Cobin v. Hearst-Argyle Television, Inc.*, 561 F. Supp. 2d 546, 550-51 (D.S.C. 2008) (explaining that a police report may be considered by the court in a 12(b)(6) motion as a matter of public record); *Tobin v. Bodman*, No. 1:06-492-RBH, 2007 WL 1068253, at *2, *4 (D.S.C. Mar. 29, 2007) (allowing proof of plaintiff's earlier conviction to bar a current claim of illegal arrest); *Larch v. Gintoli*, No. 8:04-1962CMBH, 2006 WL 895019, at *2 (D.S.C. Mar. 31, 2006) (permitting exhibits attached to defendant's 12(b)(6) motion to be considered by the court because the exhibits were public records from an earlier state court action).

Thus, the court may take judicial notice of the state court indictments without converting McMaster's 12(b)(6) motion into a motion for summary judgment.

CONCLUSION

McMaster's motion to dismiss is **granted**. (Entry 11). The court will abstain from exercising jurisdiction in this case under the *Younger* abstention doctrine. Therefore, the entire case is dismissed without prejudice. Defendants Edgar L. Clements; C. Kelly Jackson; Gregory Hembree;

William B. Rogers, Jr.; Christina T. Adams; Trey Gowdy, III; J. Strom Thurmond, Jr.; Robert M. Ariail; Douglas A. Barfield, Jr.; Kevin S. Brackett; David Pascoe; I. McDuffie Stone, III; Scarlett Wilson; W. Barney Giese; Donald V. Myers; and Jerry W. Peace have also filed motions to dismiss this case under the *Younger* abstention doctrine. These motions are now **moot.** (Entries 19, 20, 39, 40, and 41). Edgar L Clement, III and C. Kelly Jackson's motion to amend or correct their motion to dismiss is also moot. (Entry 42).

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
The Honorable Margaret B. Seymour
District Court Judge

Columbia, South Carolina
August 6, 2010